Electronically FILED by
Superior Court of California,
County of Los Angeles
1/22/2025 5:02 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By E. Galicia, Deputy Clerk

MICHAEL S. MORRISON (SBN 205320)
mmorrison@amfllp.com
ANDREW HOWARD (SBN 335752)
ahoward@amfllp.com
**ALEXANDER MORRISON + FEHR, LLP**
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone:        (310) 394-0888
Telecopier:       (310) 394-0811

Attorneys for Plaintiffs
JOHN DOE

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| JOHN DOE, individual,<br><br>　　　Plaintiffs,<br><br>　　vs.<br><br>NBCUNIVERSAL MEDIA LLC, and DOES 1 through 10, inclusive,<br><br>　　　Defendants. | Case No.  25STCV01730<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **SEXUAL HARASSMENT (HOSTILE WORK ENVIRONMENT) IN VIOLATION OF FEHA**<br>2. **SEXUAL HARASSMENT (QUID PRO QUO) IN VIOLATION OF FEHA**<br>3. **RETALIATION IN VIOLATION OF FEHA (GOV'T. CODE §12940)**<br>4. **FAILURE TO PREVENT HARASSMENT IN VIOLATION OF FEHA**<br>5. **RETALIATION IN VIOLATION OF CAL. LAB. CODE § 1102.5**<br>6. **NEGLIGENT HIRING AND SUPERVISION**<br><br>**[DEMAND FOR JURY TRIAL]** |

COMPLAINT FOR DAMAGES

Plaintiff John Doe, hereinafter referred to as "Doe" or "Plaintiff," files this Complaint against Defendant NBCUniversal Media LLC, specifically the Universal Studios Hollywood division, hereinafter referred to as "Universal" or "Company" for violating Plaintiff's rights under California Law:

## JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in this Court because all the claims alleged herein arose in Los Angeles County and Defendant is doing or did business in Los Angeles County, and/or their principal place of business is in Los Angeles County, in each case, at the times relevant herein. *See* Govt. Code § 12965(b) (stating venue is appropriate in, inter alia, any county in the state in which the unlawful practice is alleged to have been committed).

2. The amount in controversy in this matter exceeds the sum of $25,000.00, exclusive of interest and costs.

## PARTIES

3. Plaintiff is an individual residing in Los Angeles County. From in or around the summer of 2019 to the present, Plaintiff has been employed by Defendant Universal.

4. Plaintiff is informed and believes that Defendant Universal is a Delaware limited liability corporation authorized to do business and doing business in the County of Los Angeles, California.

5. Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned here, Defendant Universal was an "employer" as defined by California Labor Code section 1132.2. Defendant Universal employed Plaintiff "to perform services for a wage or salary."

6. The true names and capacities of DOES 1 through 10, inclusive, are presently unknown to Plaintiff. Plaintiff therefore sues DOES 1 through 10 by such fictitious names. Plaintiff will amend this Complaint to set forth the true names and capacities of said Defendants when they are ascertained.

7. Plaintiffs are informed and believe and, on such basis, allege that Defendants, and each of them, were the agents, employees, coconspirators, parent corporation, joint employers, alter ego, or joint venturers of the other Defendants, and each of them, and, in doing the acts alleged, were acting in part within the course and scope of said agency, employment, conspiracy, joint employment, alter ego status, or joint venture and with the permission and consent of each of the other Defendants.

# FACTUAL ALLEGATIONS

8. John Doe began performing seasonal work for Universal Studios in the Summer of 2019. Doe has held a number of performer positions at the Company – in particular, performing as Scooby-Doo throughout the theme park. A life-long performer, Doe loved using his talents to bring joys the countless parkgoers he interacted with each day.

9. In addition to everyday character roles, Universal has an Entertainment Events division that organizes the programming for the numerous seasonal events at the park, such as Halloween Horror Nights (HHN) and Grinchmas. These events provide more potential working hours, promotional opportunities, and higher compensation. With his strong performances as a park regular, Doe applied and was accepted to start working with the Entertainment Events team.

### Doe is Sexually Harassed by Ricardo Gonzalez Vazquez.

10. In the fall of 2022, Doe began working as maze performer for HHN. What began as an exciting new opportunity quickly turned south when Doe began reporting to his maze supervisor, Ricardo Gonzalez Vazquez.

11. Throughout his time working at the maze, on numerous occasions, Vazquez began sexually harassing Doe through unwanted flirting, speaking to Doe in a sexually suggestive tone, making excuses to touch Foster by pulling him aside to get him alone for unnecessary feedback, and lingering to watch and stare at Doe in a sexual manner. Vazquez's inappropriate behavior continued across Doe's Entertainment Events duties, including company buyout events, facilitating film shoots in the theme park, and facilitating auditions.

12. In one particularly grievous incident in early 2023, Doe and Vazquez were attending an audition for the character of Toad in Super Nintendo World. In front of a room of people waiting to audition, Vazquez told Doe, "I know you don't hate me, but I know you feel some sort of way about me." Doe was extremely uncomfortable, especially due to the public nature of Vazquez's sexual advances. Doe told Vazquez that he did not like the way Vazquez spoke to him. Vazquez ignored Doe's complaint and said that he would continue talking to him in that manner, because he wanted Doe to "do well" at his job. Vazquez continued to talk to Doe in a sexual manner after Doe's plea – only after many

minutes of pestering him did Vazquez tell him that they will "have this conversation another time" in a sexual tone.

### Vazquez's Harassment Intensifies During Halloween Horror Nights 2023.

13. In the summer of 2023, Doe was hired as a maze supervisor for that year's HHN season. However, his elation at the opportunity was quickly curbed when he learned Vazquez would be his Area Supervisor.

14. Throughout Doe's time working at the maze, Vazquez subjected him to sexual harassment. Vazquez consistently subjected Doe to verbal and non-verbal conduct of a sexual nature, such as unwelcomed flirting, referring to Doe by pet names, leering, and pulling Doe aside to be unnecessarily close him under the guise of management.

15. On one occasion, Doe was on a "swing shift," where supervisors are assigned to less demanding work for a night. However instead of a reprieve, Vazquez followed Doe to his swing shift assignment to review the timecard system. Vazquez pulled a chair close behind Doe so he could lean over, grab his shoulder, and brush against him as he pointed towards the screen. When Doe told him to stop, Vazquez jokingly asked why Doe came off as "bothered" by him, and then emphasized in a sexual tone that he believes Doe feels "some sort of way" about him.

16. On another occasion, Vazquez insisted Doe ride in his golf cart to the maze location. During the ride, Vazquez insisted that things would be better at work and put his arm around Doe's shoulder and grabbed his arm. On another evening, Vazquez pulled Doe away from his duties stating that he wanted to "get to know" him better. Doe again told Vazquez that he did not appreciate how Vazquez spoke to him. Doe asked Vazquez to let him do his job, but Vazquez responded by telling Doe not to "overthink" it and that he was "proud" of him.

17. Despite having multiple mazes to oversee, Vazquez spent an inordinate amount of time at Doe's maze, causing Doe immense anxiety that Vazquez would be waiting for him in the maze's small break area.

**Doe and Others Report Vazquez's Unprofessional Conduct**

18. In early October, Doe learned that Vazquez made inappropriate advances to multiple maze actors, including a performer who reported to Doe. Doe discussed this issue with his Maze Supervising Partner (Co-Supervisor), and they quickly learned that numerous employees had complaints about Vazquez, for either unwanted sexual advances or unprofessional behavior. With Vazquez's conduct finally exposed, more employees felt safe enough to share their experience. Co-Supervisor collected roughly 30 different complaints against Vazquez, including Doe's and ten former employees who experienced issues with Vazquez during prior HHN seasons.

19. These complaints coincided with HHN mid-season meetings. During her meeting, Co-Supervisor met with Entertainment Event Leadership on October 15, 2024. During this meeting, Co-Supervisor submitted the complaints, which included Doe's complaint about Vazquez's harassing conduct.

20. Two days later, Doe emailed a member of Entertainment Events leadership and Human Resources complaining about Vazquez's harassing conduct.

21. Instead of addressing Vazquez's inappropriate behavior, Universal simply moved Vazquez to other locations. While Doe was temporarily insulated, other performers Vazquez made uncomfortable had to bear Vazquez's harassment even more, causing some performers to leave or hide when Vazquez arrived.

**Universal Retaliates Against Doe For Reporting Vazquez's Harassment.**

22. In the aftermath of these events, Doe asked Entertainments Events leadership if he would be retaliated against. They assured him he was protected and could continue working on the events team into the Spring and Summer of 2023.

23. However, as HHN came to a close, Doe noticed that he was not being scheduled for the various park events leading into the holidays. However, Vazquez was being selected for many events, such as park buyouts and holiday programming. Doe received no communication or explanation for his lack of scheduling.

24. After weeks of losing out on multiple work opportunities, Doe contacted Entertainment Events management for insight. Universal took several weeks to respond before saying that she wanted to set up a meeting with Doe and other supervisors. When Doe emailed again to set up a meeting, he was told it would have to wait until a supervisor returned from vacation. He did not receive a response after that.

25. Because Universal stopped scheduling Doe for park events, Doe relied on his working hours performing the Scooby-Doo character. However, in December 2023, Universal updated its character roster and dropped Doe's rank from 4 to 6. Roster rankings determine work hours and opportunities – this drop meant Doe went from working 4-5 days per week as a Performer to only 1-2 days. When Doe contacted management for an explanation, they could not explain why the ranking dropped.

26. In response, Doe contacted Human Resources to discuss the issue. Doe met with an HR representative, but instead of listening to Doe, Gonzalez excused Vazquez's actions. Gonzalez told Doe that he likely did not "understand" Vazquez. Doe pushed back, emphasizing that he understood Vazquez and that the actions were inappropriate and unwelcome, but his pleas were ignored.

27. In or around January 2024, Entertainment Events management finally reached back out to Doe. During this meeting, leadership informed Doe that he must return his Entertainment Events materials because his contract had expired. This confused Doe as he had been assured otherwise, and he asked for feedback on his performance. Canto made vague allusions to a "lack of urgency" but were unable to provide specific examples. Meanwhile, they told Doe that they extended Vazquez's contract because he was an example of an "ideal leader." When Doe flagged all the complaints against Vazquez, they said that was an HR issue that was already addressed.

28. Taken aback by his harasser getting an extended contract, Doe contacted HR. While a meeting was on the calendar, Management told Doe that this meeting could not take place. Doe reached out to HR again, and a meeting with both HR and Management was set up for the following month. However, Universal pushed back this meeting again at the last minute. When it finally took place on April 18, 2024, Doe expressed his concerns about the harassment and retaliation that took place. Again,

no action was taken and Doe learned shortly after that Vazquez received yet another promotion.

29. As a result of the immense emotional toll the harassment and retaliation had on Doe's mental health, he was forced to call out of a shift on April 19, 2024. Doe began to experience intense anxiety and his mental health declined. As a result, Doe was forced to take a leave of absence later that month. Doe has been devastated, both emotionally by Universal's protection of his harasser over himself, and financially as the impact on his mental health has greatly impacted his finances.

30. In 2025, Doe returned from his leave of absence to return to his performance work with Universal. However, Vazquez is still in a supervisor and leading auditions for additional character roles Doe wishes to apply for. Due to fear of further harassment, he is unable to take on these additional roles.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND ARBITRATION

31. Plaintiff timely filed a charge of discrimination and retaliation with the California Civil Rights Department on January 22, 2025, which resulted in issuance of a Notice of Case Closure and Right to Sue Letter.

32. Plaintiff has exhausted all administrative remedies.

33. Any alleged arbitration agreement is invalid and unenforceable with respect to Plaintiff's claims as they involve conduct constituting a dispute involving sexual harassment and assault and may not be compelled to arbitration per 9 U.S.C.A. §§ 401, 402.

## FIRST CAUSE OF ACTION

### Sexual Harassment (Hostile Work Environment) in Violation of FEHA

34. Doe realleges and incorporates by reference the paragraphs above as though fully set forth herein.

35. Government Code section 12940(j)(1) makes it illegal for an employer or any person to harass an employee because of her sex or gender. "The prohibition against sexual harassment includes protection from a broad range of conduct, [including] the creation of a work environment that is hostile or abusive on the basis of sex." *Taylor v. Nabors Drilling USA, LP*, 222 Cal. App. 4th 1228, 1236 (2014).

36. Under Cal. Gov't. Code §12940(j)(1), an employer is strictly liable for acts of sexual harassment committed by an agent or supervisor.

37. Vazquez was Doe's supervisor as he had the ability "transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline [Plaintiff], or the responsibility to direct [her], or to adjust [her] grievances, or effectively to recommend that action, … [and] the exercise of that authority [was] not of a merely routine or clerical nature, but require[d] the use of independent judgment." Cal. Gov't. Code §12926(t).

38. Defendants subjected Doe to unwanted harassment motivated by his sex that was hostile, intimidating, offensive, oppressive, humiliating and abusive. This conduct included unwanted touching, sexualized comments, belittling pet names, lingering to watch and stare at Doe in a sexual manner, amongst other conduct.

39. This harassing conduct was severe and pervasive and any individual in Doe's circumstances would have considered the work environment to be hostile intimidating, offensive, oppressive, and abusive. Vazquez's harassing conduct impacted Doe's ability to perform his work.

40. Universal knew or should have known about the harassment of Doe, but failed to take immediate and appropriate corrective action.

41. Doe was harmed as a result of Defendant's conduct, which was a substantial factor in causing his harm.

42. As a proximate result of Defendants' conduct, Doe suffered and continues to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, trauma, and anxiety. The amount of damages will be ascertained at trial.

43. Pursuant to Government Code section 12965, "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees." Govt. Code § 12965(b).

44. In engaging in the foregoing conduct, the Defendants acted with malice, oppression, and/or fraud.

45. Defendants' conduct constituted malice in that they acted with an intent to cause injury, or its conduct was despicable and was done with a willful and knowing disregard of the rights or safety

of another. Defendants conduct constituted oppression in that their conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of his rights. Defendants constituted fraud in that they intentionally misrepresented or concealed a material fact and did so intending to harm DOE. Plaintiff is therefore entitled to punitive damages.

## SECOND CAUSE OF ACTION

### Sexual Harassment (Quid Pro Quo) in Violation of FEHA

46. Doe realleges and incorporates by reference the paragraphs above as though fully set forth herein.

47. Government Code section 12940(j)(1) makes it illegal for an employer or any person to harass an employee because of her sex or gender. "The prohibition against sexual harassment includes protection from a broad range of conduct, [including] the creation of a work environment that is hostile or abusive on the basis of sex." *Taylor v. Nabors Drilling USA, LP*, 222 Cal. App. 4th 1228, 1236 (2014).

48. Under Cal. Gov't. Code §12940(j)(1), an employer is strictly liable for acts of sexual harassment committed by an agent or supervisor.

49. Vazquez was Doe's supervisor as he had the ability "transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline [Plaintiff], or the responsibility to direct [her], or to adjust [her] grievances, or effectively to recommend that action, … [and] the exercise of that authority [was] not of a merely routine or clerical nature, but require[d] the use of independent judgment." Cal. Gov't. Code §12926(t).

50. The terms of Doe's employment, job benefits, and/or favorable working conditions were made contingent, by words and/or conduct, on Doe's acceptance of Vazquez's sexual advances and/or conduct as set forth above.

51. Defendants, and each of them, knew or should have known about the harassment of Doe, but failed to take immediate and appropriate corrective action.

52. Doe was harmed as a result of Defendants' conduct, which was a substantial factor in causing her harm.

53. As a proximate result of Defendants' conduct, Doe suffered and continues to suffer physical and emotional injuries, including nervousness, humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, trauma, and anxiety. The amount of damages will be ascertained at trial.

54. Pursuant to Government Code section 12965, "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees." Govt. Code § 12965(b).

55. In engaging in the foregoing conduct, the Defendants acted with malice, oppression, and/or fraud.

56. Defendants' conduct constituted malice in that they acted with an intent to cause injury, or its conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. Defendants conduct constituted oppression in that their conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of his rights. Defendants constituted fraud in that they intentionally misrepresented or concealed a material fact and did so intending to harm Doe. Plaintiff is therefore entitled to punitive damages.

### THIRD CAUSE OF ACTION

### Retaliation in Violation of FEHA (Gov't. Code §12940)

57. Plaintiff Doe realleges and incorporates by reference the paragraphs above as though fully set forth herein.

58. Plaintiff Doe engaged in one or more acts of protected conduct, including but not limited to reporting the conduct described in this Complaint, including acts of sexual harassment, retaliation, and/or the creation of a hostile work environment based on the conduct of Defendants.

59. As alleged above, Universal has retaliated against Doe, by curtailing his work in the form of ending his work with Entertainment Events, eliminating work hours by dropping his roster spot, keeping his harasser in a supervisory position, and other adverse actions.

60. The foregoing conduct was retaliatory and nonconsensual and was based on and in response to Doe's protected activity, and constitutes retaliation in violation of FEHA.

61. As a direct, foreseeable, and proximate result of the above-alleged statutory violations by Defendants, Doe has and will continue to suffer emotional distress, humiliation, shame, and embarrassment all to his damage in an amount to be determined according to proof at trial.

62. As a direct and proximate result of Defendants' conduct, as alleged herein, Doe has been compelled to retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit, pursuant to California Government Code sections 12940 and 12965, subdivision (b) as well as other applicable statutes.

63. In engaging in the foregoing conduct, the Defendants acted with malice, oppression, and/or fraud.

64. Defendant's conduct constituted malice in that they acted with an intent to cause injury, or its conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. Defendants conduct constituted oppression in that their conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of his rights. Defendants constituted fraud in that they intentionally misrepresented or concealed a material fact and did so intending to harm Doe. Plaintiff is therefore entitled to punitive damages.

### FOURTH CAUSE OF ACTION

**Failure to Prevent Harassment in Violation of FEHA**

65. Plaintiffs reallege and incorporate by reference the paragraphs above as though fully set forth herein.

66. Government Code section 12940(k) makes it an unlawful employment practice for an employer to "fail to take all reasonable steps to prevent discrimination and harassment from occurring." *See, e.g.*, *Ortiz v. Georgia Pacific*, 973 F. Supp. 2d 1162, 1184 (E.D. Cal. 2013) (citing *Taylor v. City of Los Angeles Dep't of Water & Power*, 144 Cal. App. 4th 1216, 1240 (2006)). Universal violated this provision by failing to prevent harassment and/or discrimination against Plaintiff. Additionally, Universal knew or should have known that Vazquez was harassing employees, yet failed to prevent such conduct or take any prompt or adequate remedial action, resulting in Plaintiff being harmed.

67. As a proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer physical and emotional injuries, including but not limited to humiliation, depression, anguish, embarrassment, fright, shock, pain, discomfort, fatigue, trauma, and anxiety. The amount of each Plaintiff's damages will be ascertained at trial.

68. Pursuant to Government Code section 12965, "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorneys' fees and costs, including expert witness fees." Govt. Code § 12965(b). Accordingly, Plaintiffs are entitled to an award of attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### Retaliation in Violation of Cal. Lab. Code § 1102.5

69. Plaintiff Doe realleges and incorporates by reference the paragraphs above as though fully set forth herein.

70. Doe engaged in protected conduct, including but not limited to making complaints or otherwise objecting to acts of sexual harassment and or creation of a hostile work environment based on the conduct of Vazquez during his employment.

71. Doe held a good faith and reasonable belief that the harassing conduct he experienced violated the law, including California Government Code §§ 12940, et seq. of the Fair Employment and Housing Act ("FEHA").

72. As alleged above, Universal has retaliated against Doe, by curtailing his work in the form of ending his work with Entertainment Events, eliminating work hours by dropping his roster spot, keeping his harasser in a supervisory position, and other adverse actions.

73. The foregoing conduct was retaliatory and nonconsensual and was based on and in response to Doe's protected activity, and constitutes retaliation in violation of FEHA.

74. Doe's protected conduct was a contributing factor for one or more adverse actions taken by Defendants against Doe.

75. Doe was harmed as a result of Defendant's conduct, which was a substantial factor in causing him harm.

76. The acts and conduct of Defendants, as described herein, constitutes acts of an unlawful retaliation in violation of California Labor Code section 1102.5.

77. As a direct, foreseeable, and proximate result of the above-alleged statutory violations by Defendants, Doe has and will continue to suffer emotional distress, loss of work, humiliation, shame, and embarrassment all to his damage in an amount to be determined according to proof at trial.

78. As a direct and proximate result of Defendants conduct, as alleged herein, Doe has been compelled to retain legal counsel, and is entitled to reasonable attorney's fees and costs of suit, pursuant to California Labor Code section 1102.5, subdivision (j) as well as other applicable statutes.

79. In engaging in the foregoing conduct, the Defendants acted with malice, oppression, and/or fraud.

80. Defendant's conduct constituted malice in that they acted with an intent to cause injury, or its conduct was despicable and was done with a willful and knowing disregard of the rights or safety of another. Defendants conduct constituted oppression in that their conduct was despicable and subjected Plaintiff to cruel and unjust hardship in knowing disregard of his rights. Defendants constituted fraud in that they intentionally misrepresented or concealed a material fact and did so intending to harm Doe. Plaintiff is therefore entitled to punitive damages.

## SIXTH CAUSE OF ACTION

### Negligent Hiring and Supervision

81. Plaintiffs reallege and incorporate by reference the paragraphs above as though fully set forth herein.

82. Defendants had a duty to assure that its employees were competent to perform the job duties for which they were hired, including managing, supervising and maintaining responsibility for lawful performance of employees.

83. Defendants failed to take all reasonable steps necessary to ensure that their supervisors and employees acted in accordance with the rights, duties, and responsibilities of law abiding citizens of California, and complying with the provisions of Government Code §§ 12940, et seq. and other laws cited herein, with respect to the treatment of each Plaintiff.

84. Defendants knew, or with reasonable inquiry and attention should have known that Vazquez was harassing or otherwise creating a hostile work environment for Plaintiff and others on a regular basis. Defendants turned a blind eye to these assaults, acts of harassment and creation of a hostile work environment and to prevent against or correct these conditions.

85. As a direct, foreseeable, and proximate result of Defendants' unlawful actions, Plaintiff has and will continue to suffer emotional distress, humiliation, shame, and embarrassment all to his damage in an amount to be proven at time of trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks judgment against Defendants, as follows:

1. For general damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

2. For special damages, according to proof on each cause of action for which such damages are available.

3. For compensatory damages, including emotional distress damages, according to proof on each cause of action for which such damages are available.

4. For punitive damages, according to proof on each cause of action for which such damages are available.

5. For declaratory and injunctive relief, as appropriate.

6. For prejudgment interest and post-judgment interest according to law.

7. That Plaintiffs recover from Defendants the costs and attorneys' fees incurred in the prosecution of this action, pursuant to Cal. Lab. Code §§ 218.5; 1102.5(j).

8. For costs of suit incurred in this action.

9. For such other and further relief and the Court deems proper and just.

Dated: January 22, 2025        ALEXANDER MORRISON + FEHR, LLP

                               By: _____
                               MICHAEL S. MORRISON
                               ANDREW HOWARD
                               Attorneys for Plaintiff

- 13 -
COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all causes of action alleged herein in the Complaint for Damages.

By: _____
MICHAEL S. MORRISON
ANDREW HOWARD
Attorneys for Plaintiff